IN THE DISTRICT COURT OF THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCOTT RICHARDSON, as Personal
Representative of the Estate of
Amy J. Richardson, Deceased,

   Plaintiff,

-vs-            CASE NO.:

UNITED STATES OF AMERICA,

   Defendant.
_____/

## COMPLAINT FOR WRONGFUL DEATH

COMES NOW, Plaintiff, SCOTT RICHARDSON, as Personal Representative of the Estate of AMY J. RICHARDSON, by and through his undersigned attorney, and hereby sues the Defendant, UNITED STATES OF AMERICA, and alleges as follows:

## GENERAL ALLEGATIONS

1. This is an action under the Federal Tort Claims Act, 28 U.S.C. § 2672, et. seq. as hereinafter more fully appears.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1346 (b) (1) in that it involved a claim for personal injury caused by the negligence or wrongful act or omission of employees of the United States of America.

3. That on or about August 23, 2013 and January 10, 2014, a Form 95 Administrative Claims was sent to The Department of Health and Human Services, Brian Shaub, D.O. and Tom Lee Community Health Center, alleging medical malpractice. More than six (6) months have passed since the administrative claim was presented and the Plaintiff has not received a formal denial from the Defendant.

4. That all administrative conditions precedent to the bringing of this action have been performed or waived.

5. That at all times material to subject incident, SCOTT RICHARDSON and AMY J. RICHARDSON were husband and wife.

6. That Dr. Brian Shaub was working within the course and scope of his employment with the Suncoast Community Health Centers, Inc., d/b/a Tom Lee Community Health Center, a Federally Supported Health Center and the United States of America liable for their negligent conduct committed during and within the course and scope of their employment/agency.

7. That on or about February 27, 2012, AMY J. RICHARDSON went to the ER complaining of headache and stiff neck. She was discharged home from the ER with a prescription for a narcotic pain medicine.

8. That on or about March 1, 2012, AMY J. RICHARDSON presented to the ER with the same complaints she had on February 27, 2012. Ms. Richardson was sent home with a prescription for pain medication and instructions to see her doctor or a neurologist.

9. That on or about March 5, 2012, AMY J. RICHARDSON saw Brian Schaub, D.O. and complained of the same head and neck pain, in addition to having elevated blood pressure.

10. That on or about March 5, 2012, Dr. Schaub performed a cervical manipulation and prescribed medication.

11. That on March 6, 2012, AMY J. RICHARDSON, had a seizure and was transported to Brandon Regional Hospital where she was diagnosed as having a massive stroke.

12. That AMY J. RICHARDSON ultimately passed away on March 19, 2012.

13. That at all times material hereto, Zachary Richardson and Olivia Richardson are

minor children of AMY J. RICHARDSON and SCOTT RICHARDSON.

## COUNT I

## (MEDICAL NEGLIGENCE – AMY J. RICHARDSON)

14. Plaintiff readopts and realleges each and every allegation set forth in Paragraphs 1 through 13 of the general allegations and makes them a part of this Count I.

15. At all times material to this cause there existed a healthcare-patient relationship between Plaintiff, AMY J. RICHARDSON, and all of the healthcare providers named herein who were involved in providing examination and any and all care and treatment Plaintiff, AMY J. RICHARDSON, received at Tom Lee Community Health Center (including Dr. Brian Shaub).

16. Brian Shaub, D.O., was negligent and failed to meet the prevailing professional standard of care in the care and treatment of Plaintiff, AMY J. RICHARDSON, including but not limited to the following particular respects:

    a. Failed to obtain and document an adequate history and grading of Mrs. Richardson's headache;

    b. Failed to perform an eye examination;

    c. Failed to document the cervical manipulation or the patient's response to the manipulation;

    d. Failed to obtain and document a history on the response to the headache to medications;

    e. Failed to obtain additional blood pressures;

    f. Failed to diagnose and treat the cause of Mrs. Richardson's hypertension;

    g. Failed to admit her to the hospital or refer her to the emergency room;

    h. Failed to get a STAT consult with a neurologist.

    i. Advised against seeing a neurologist.

    j. Failed to consider and rule out vertebral and/or cerebrellar arterial

dissection;

k.  Performed a cervical manipulation where not indicated.

l.  Performed a cervical manipulation where contraindicated.

17. As a result of the aforementioned acts of negligence and deviations from the acceptable standard of care by the employees of the United States of America, Plaintiff, AMY J. RICHARDSON, suffered bodily injury, and/or aggravation a preexisting medical condition and resulting death.

18. That as a direct and proximate result of the foregoing, Scott Richardson, Zachary Richardson and Olivia Richardson have lost in the past and will suffer a loss in the future of support and services, companionship and protection, and have in the past and will in the future suffer mental pain and suffering.

19. That as a further direct and proximate result of the foregoing, Scott Richardson and the estate have incurred medical and funeral expenses

WHEREFORE, Plaintiff, SCOTT RICHARDSON, demands judgment for damages against the Defendant, United States of America, for compensatory damages, costs, prejudgment interest on medical bills, funeral expenses and such other relief as this Court deems just.

DATED 7/29, 2014.

Scott T. Borders, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
STBpleadings@forthepeople.com
bmeyer@forthepeople.com
Florida Bar #: 746568
Attorney for Plaintiff